# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Janus Spectrum LLC, et al.,<br><br>    Defendants. | No. CV-15-609-PHX-SMM<br><br>**FINAL JUDGMENT AS TO DEFENDANTS TERRY W. JOHNSON, RAYMON G. CHADWICK, JR., INNOVATIVE GROUP, PMA, PREMIER GROUP, PMA, AND PROSPERITY GROUP, PMA** |

Pending before the Court is Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Final Judgment Setting Amounts of Disgorgement, Prejudgment Interest, and Civil Penalties against Defendants Terry W. Johnson ("Johnson") and Raymon G. Chadwick, Jr. ("Chadwick"). (Doc. 163.) The SEC seeks to set the amount of disgorgement for Johnson and Chadwick at $1,334,580, together with prejudgment interest, $165,641, and in addition civil penalties against Johnson and Chadwick in the amount of $480,000 against each of them. The SEC states that it does not seek and releases its claims for disgorgement, prejudgment interest, and civil penalties against the settling corporate defendants, Defendant Innovative Group, PMA, Defendant Premier Group, PMA, and Defendant Prosperity Group, PMA. (Doc. 163-1 at 5.)(Unless otherwise stated, Johnson, Chadwick, and the corporate defendants will be referred to collectively as "Defendants"). Against the settling corporate defendants, the SEC only seeks relief in the permanent injunctions to which the settling corporate defendants have already consented (Docs. 109-111) and the Court having entered its Judgment against them (Docs. 116-118).

The motion is fully briefed (Docs. 180, 182), and it will be granted.

The record in this case establishes the following. The SEC filed a Complaint against Defendants. Defendants entered general appearances and consented to the Court's jurisdiction over them and the subject matter of this action. (Doc. 65.)

The two individual defendants, Johnson and Chadwick, and the three corporate defendants they controlled have already settled as to liability (Docs. 107-111), and the Court has entered Judgment (Docs. 114-118). Defendants consented to entry of Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise stated *infra* at Section VI); waived findings of fact and conclusions of law; and waived any right to appeal from Judgment. (Id.)

The SEC's current motion addresses the monetary relief it asks the Court to impose against the settling individual defendants, Johnson and Chadwick, and further states that it releases its claims for disgorgement, prejudgment interest, and civil penalties against the settling corporate defendants, Innovative Group, Premier Group, and Prosperity Group. (Doc. 163-1 at 5.) Against the settling corporate defendants, the SEC only seeks relief in the permanent injunctions to which the settling corporate defendants have already consented (Docs. 109-111) and the Court having entered Judgment against them (Docs. 116-118).

In support of its request to set the amount of disgorgement for Johnson and Chadwick at $1,334,580, together with prejudgment interest, $165,641, and in addition civil penalties against Johnson and Chadwick in the amount of $480,000 against each of them, the SEC has established the following:

- By the terms of their consents (Docs. 107-111) and the judgments entered against them (Docs. 114-118), the following facts alleged in the SEC's complaint cannot be disputed by Johnson and Chadwick, and these facts are deemed true by the Court in deciding the SEC's motion for monetary relief. (Doc. 107 at 2, Doc. 108 at 2.)

- From December 2012 to October 2013, Johnson and Chadwick raised approximately $3,859,600 through at least three offerings of membership

|   |   |
|---|---|
| 1 | interests issued by Innovative Group, Premier Group, and Prosperity Group |
| 2 | from 201 investors nationwide. (Doc. 105 at 19; Doc. 185 at 16-23; Docs. 187- |
| 3 | 3 thru 187-9.) |

• Johnson and Chadwick sent the materially false and misleading "Money from Thin Air" video to potential investors. (Doc. 105 at 23.) Johnson and Chadwick both knew, or were reckless or negligent in not knowing, that the representations in the video concerning the use of the 800 MHz license by major wireless carriers were false. (Id. at 23-24.) They both ignored red flags created by questions from investors and potential investors regarding the ability of major wireless carriers to use the 800 MHz spectrum. (Id.) Johnson's and Chadwick's knowledge of the falsity of the representations in the video are imputed to their entities. (Id. at 24.)

• Johnson and Chadwick made additional misrepresentations and omitted material facts in emails to investors. (Id. at 24-25.) In a solicitation email that went to potential investors in the Innovative Group offering, Johnson and Chadwick falsely stated "[a] little more detail on the 800mhz spectrum that is being released to the public via 02-55 here….Once re-banding is complete and the public notices go out and we receive our licenses, our plan is to go back to Sprint and negotiate a lease back to them." (Id.) Johnson and Chadwick failed to disclose, in this email or ever, that 800 MHz spectrum in the Expansion Band and Guard Band could not be used by major wireless carriers for their cellular systems. (Id.)

• Neither Johnson nor Chadwick investigated or researched the questions they received from investors and potential investors regarding the ability of major wireless carriers to use the 800 MHz spectrum. (Id. at 25.)

• Pursuant to the consents entered into by Johnson and Chadwick (Docs. 107 and 108), the judgments entered against Johnson and Chadwick ordered that "Defendant[s] shall pay disgorgement of ill-gotten gains, prejudgment interest

thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3)," in amounts to be determined by the Court upon motion of the SEC. (Docs. 114 and 115 at 3-4.) Johnson and Chadwick agreed that, for purposes of such a motion, the facts in the Complaint shall be accepted as true. (Id.)

In response, Johnson and Chadwick, pursuant to the Consents and Judgments, did not dispute facts alleged in the SEC's Complaint. (Doc. 180.) Regarding the requested amount of disgorgement, prejudgment interest, and civil penalties, Johnson and Chadwick state that neither of them have assets that even begin to approach the $1,334,580 disgorgement figure, $165,641 in prejudgment interest, and $480,000 civil penalty. (Id.) Johnson and Chadwick further state that their personal financial situation has been reduced to borderline insolvency, and based upon their age (Johnson–59 and Chadwick–62), it is unlikely that they will be able to earn back even a small percentage of their loss. (Id.)

The Court, having considered all of the evidence and arguments presented by the parties with regard to the SEC's motion for final judgment setting the amounts of disgorgement, prejudgment interest, and civil penalties against Defendant Terry Johnson and Defendant Raymon Chadwick,

Accordingly,

**IT IS HEREBY ORDERED** granting the SEC's Motion for Final Judgment Setting Amounts of Disgorgement, Prejudgment Interest, and Civil Penalties Against Defendant Terry Johnson and Defendant Raymon Chadwick. (Doc. 163.)

**I.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in

active concert or participation with Defendants or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants

Johnson and Chadwick are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Johnson's and Chadwick's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Johnson or Chadwick or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUGED, AND DECREED** that: (1) Defendants Johnson and Chadwick are liable, jointly and severally, for disgorgement of $1,334,580, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $165,641, for a total of $1,500,221; and (2) Defendants Johnson and Chadwick are each liable for a civil penalty of $480,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants Johnson and Chadwick shall satisfy these obligations by paying disgorgement and prejudgment interest of $1,500,221, for which they are jointly and severally liable, in addition to civil penalties of $480,000 each, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants Johnson and Chadwick may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants Johnson and Chadwick may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>     Enterprise Services Center
>     Accounts Receivable Branch
>     6500 South MacArthur Boulevard
>     Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Johnson or Chadwick as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Johnson or Chadwick shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant Johnson or Chadwick relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Johnson or Chadwick.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents of Defendants Terry W. Johnson, Raymon G. Chadwick, Jr., Innovative Group, PMA, Premier Group, PMA, and Prosperity Group, PMA (Docs. 107-111) are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

///

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Final Judgment is entered without further notice.

DATED this 26th day of April, 2017.

_____
Stephen M. McNamee
Senior United States District Judge