# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, | No. CV-15-609-PHX-SMM |
| Plaintiff, | |
| v. | **FINAL JUDGMENT AS TO DEFENDANTS JANUS SPECTRUM, LLC, DAVID ALCORN, DAVID ALCORN PROFESSIONAL CORPORATION, AND KENT MAERKI.** |
| Janus Spectrum LLC, et al., | |
| Defendants. | |

The Court has entered summary judgment in favor of Plaintiff Security and Exchange Commission and against Defendants Janus Spectrum, LLC, David Alcorn, David Alcorn Professional Corporation, and Kent Maerki. (Doc. 239.) Subsequently, the Court held a hearing on potential civil penalties regarding Defendants Alcorn and Maerki. The Court deferred ruling on civil penalties pending the receipt of any additional argument by January 19, 2018. Absent receipt of any additional argument, accordingly, the Court now enters this Final Judgment, as follows:

**I.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Janus Spectrum, DAPC, Alcorn and Maerki are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale

of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Janus Spectrum, Alcorn and Maerki are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

who receive actual notice of this Final Judgment by personal service or otherwise: (a) any officers, agents, servants, employees, and attorneys of Defendants Janus Spectrum, Alcorn and Maerki; and (b) other persons in active concert or participation with Defendants Janus Spectrum, Alcorn and Maerki, or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Janus Spectrum, Alcorn and Maerki are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any

officers, agents, servants, employees, and attorneys of Defendants Janus Spectrum, Alcorn and Maerki; and (b) other persons in active concert or participation with Defendants Janus Spectrum, Alcorn and Maerki, or with anyone described in (a).

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Janus Spectrum, DAPC, Alcorn and Maerki are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) any officers, agents, servants, employees, and attorneys of Defendants Janus Spectrum, DAPC, Alcorn and Maerki; and (b) other persons in active concert or participation with Defendants Janus Spectrum, DAPC, Alcorn and Maerki, or with anyone described in (a).

**V.**

**IT IS FURTHER ORDERED, ADJUGED, AND DECREED** that Defendants Janus Spectrum, DAPC, Alcorn and Maerki are liable, jointly and severally with each other, for disgorgement of $6,172,360, representing the profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $959,436, for a total of $7,131,796. Defendants Janus Spectrum, DAPC, Alcorn and Maerki shall satisfy this obligation by paying $7,131,796 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

The Defendants may transmit payment electronically to the SEC, which will provide

1 detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly
2 from a bank account via Pay.gov through the SEC website at
3 http://www.sec.gov/about/offices/ofm.htm. The Defendants may also pay by certified check,
4 bank cashier's check, or United States postal money order payable to the Securities and
5 Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, the defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendants.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. The Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in addition to their obligations to pay disgorgement and prejudgment interest, Defendant Alcorn shall pay

a civil penalty in the amount of $3,394,798, and Defendant Maerki shall pay a civil penalty in the amount of $2,777,562. The Defendants civil penalties are Ordered pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

The Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, the Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any of the defendants.

The SEC shall hold the funds and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

**VII.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by any of the Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, having entered Final Judgment against all Defendants, the Clerk of Court shall terminate this case.

DATED this 9th day of February, 2018.

_____
Stephen M. McNamee
Senior United States District Judge